AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of West Virginia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| DEANNA L. DRUMM | Case Number:  2:24-cr-00179-1 |
| | USM Number:  48191-511 |
| | Gerald M. Titus, III |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    One of the single-count Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 U.S.C. §§ 77(e)(c) and 77x and 18 U.S.C. § 2 | aiding and abetting the offer of unregistered securities | 8/31/2024 | One |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____    ☐ is    ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/16/2025

Date of Imposition of Judgment

*Irene C. Berger*

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

Name and Title of Judge

10/17/2025

Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page __2__ of __8__

DEFENDANT: DEANNA L. DRUMM
CASE NUMBER: 2:24-cr-00179-1

# PROBATION

You are hereby sentenced to probation for a term of:

FORTY-EIGHT (48) MONTHS.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

   ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☑ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page ___3___ of ___8___

DEFENDANT: DEANNA L. DRUMM
CASE NUMBER: 2:24-cr-00179-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. ~~You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.~~  See revised Condition 3 set forth on Page 5.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 4B — Probation

Judgment—Page ___4___ of ___8___

DEFENDANT:   DEANNA L. DRUMM
CASE NUMBER:  2:24-cr-00179-1

# ADDITIONAL PROBATION TERMS

While on probation, the defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance.  The defendant must also comply with the standard terms and conditions of probation as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, except that the defendant shall not be required to participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer.  In addition, the defendant shall comply with the following Standard Conditions of Supervision adopted by the Southern District of West Virginia in Local Rule of Criminal Procedure 32.3:

1) If the defendant is unemployed, the probation officer may direct the defendant to register and remain active with Workforce West Virginia;

2) A term of community service is imposed on every defendant on supervised release or probation. Fifty hours of community service is imposed on every defendant for each year the defendant is on supervised release or probation. The obligation for community service is waived if the defendant remains fully employed or actively seeks such employment throughout the year;

3) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers), and shall reside in a residence free from such items; and

4) The defendant shall not purchase, possess, or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids, or other designer stimulants.

Case 2:24-cr-00179    Document 40    Filed 10/17/25    Page 5 of 7 PageID #: 120
AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 4D — Probation

Judgment—Page ___5___ of ___8___

DEFENDANT:  DEANNA L. DRUMM
CASE NUMBER:  2:24-cr-00179-1

# SPECIAL CONDITIONS OF SUPERVISION

Condition Number 3 of the "Standard Conditions of Supervision" set forth on Page 3 herein, is revised as follows:

You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.  As long as your approved residence is in Laingsburg, Michigan, you may travel within the Eastern and Western Districts of Michigan without restriction.

In addition, the defendant shall comply with the following Special Conditions of supervision:

1. As a special condition of probation, the defendant shall be placed on home detention for a term of 12 months as a substitute for imprisonment. During this period, the defendant shall remain in her place of residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, or such other absences as the Probation Officer specifically approves.  To assure that the defendant complies with this condition, it shall be enforced with electronic monitoring. The defendant shall pay the costs of electronic monitoring.

2. The defendant is not a resident of this district; therefore, the period of probation is to be administered by the district where the defendant is a legal resident and/or the district where a suitable release plan is developed.

3. The defendant must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

4. The defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

5. The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and any other anticipated or unanticipated financial gains to any outstanding Court imposed monetary obligations.

6. The defendant shall cooperate with the IRS with regard to any civil audit of her personal and business taxes and shall file all tax returns and amended tax returns as required.

7. The defendant must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution.

8. The defendant shall pay restitution in the amount of $398,533.52, jointly and severally with Theodore Miller (2:24-cr-00145-1), with interest as allowed by law, to the fullest extent financially feasible. The defendant shall pay restitution as more fully set forth on Page 8 herein.

9. The defendant shall make third party risk notification to her current or any future employer while on supervised release or probation.

10. The defendant must notify the Court of any material change in her economic circumstances that might affect her ability to pay restitution, if applicable.

11. The defendant shall be subject to having any unpaid criminal monetary penalties submitted to the United States Treasury for offset in accordance with the Treasury Offset Program.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

| | | Judgment — Page | 7 | of | 8 |

DEFENDANT: DEANNA L. DRUMM
CASE NUMBER: 2:24-cr-00179-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment\*** | **JVTA Assessment\*\*** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 398,533.52 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| set forth in SEALED Statement of Reasons | $398,533.52 | $398,533.52 | |

| **TOTALS** | $ | 398,533.52 | $ | 398,533.52 |
|---|---|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement $   398,533.52

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __8__

DEFENDANT:  DEANNA L. DRUMM
CASE NUMBER:  2:24-cr-00179-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ __398,533.52__   due immediately, balance due

    ☐  not later than _____ , or
    ☑  in accordance with  ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:
    The $100 special assessment was paid in full on November 21, 2024.  The defendant has been ordered to pay restitution in the amount of
    $398,533.52.  The amount of $13,114.58, seized by the United States from the Bear Lute bank account, shall be applied to the restitution,
    resulting in a balance of $385,418.94.  The defendant also submitted an additional payment of $13,787.92 on May 29, 2025, to be applied to
    the restitution obligation.  If not paid immediately, the defendant shall pay the restitution balance during her term of probation in installments
    of $400 per month, with the first payment becoming due within 60 days of the entry of this order, and continuing until paid in full.  The
    defendant shall make the payments to the Clerk, United States District Court, 300 Virginia Street, East, Suite 2400, Charleston, WV 25301.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 2:24-cr-00145-1 Theodore Miller | 398,533.52 | 398,533.52 | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.